UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| AARON KEITH; JOEL FARRELL; RYAN COULTER; CHRIS GRIFFIN; SHALON BOWEN; , Individually and On Behalf of All Others Similarly Situated, Plaintiffs, | § § § § § § § § | CIVIL ACTION NO. 6:16-CV-01302 |
| vs. | § § | |
| JOYCE STEEL ERECTION, LTD.; JOYCE CRANE, INC.; JOE BOB JOYCE Defendants. | § § § § | |

PLAINTIFFS' ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Plaintiffs Aaron Keith, Joel Farrell, Ryan Coulter, Chris Griffin and Shalon Bowen, on behalf of themselves and all others similarly situated ("Plaintiffs"), file this Original Complaint, as follows:

## I. PRELIMINARY STATEMENT

1. Joyce Steel Erection, Ltd., Joyce Crane, Inc. and Joe Bob Joyce (together, "Defendants") were formerly the employers, co-employers and/or joint employers of Plaintiffs. Plaintiffs were hired by the Joyce defendants as crane operators and riggers to perform manual labor. However, Defendants have a uniform, company-wide policy of paying overtime only for work that can be billed to the customers of the Joyce companies. As such, Plaintiffs and others similarly situated were paid "straight time" instead of overtime for tasks that are clearly com-

pensable, such as driving to and from job sites, and yard time. Defendants also routinely deducted lunch breaks from their workers, even when such breaks were not taken.

2.    Plaintiffs, on behalf of themselves and all others similarly situated, bring this collective action to recover overtime compensation and all other available remedies under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. 201 *et. seq.* (the "FLSA").

3.    This collective action consists of:

**ALL INDIVIDUALS WHO WERE (A) EMPLOYED AS CRANE OPERATORS OR RIGGERS BY JOYCE STEEL ERECTION, LTD. AND/OR JOYCE CRANE, INC AND (B) PAID ON AN HOURLY BASIS[1]**

4.    For at least three years prior to the filing of this Complaint, Defendants willfully committed widespread violations of the FLSA by failing to pay these employees for overtime hours worked in excess of forty hours per week at a rate of one and one-half times their regular rate of pay.

5.    Plaintiff also brings an individual claim for retaliation under the FLSA.

## II.    PARTIES

6.    Plaintiffs are individuals who were formerly employed by Defendants. Plaintiffs' Notices of Consent are attached hereto as Exhibit 1.

7.    Defendant Joyce Steel Erection, Ltd. is a Texas limited partnership with its principal place of business in Texas. Joyce Steel Erection, Ltd. may be served through its registered agent for service of process in Texas, Joe Bob Joyce, at #3 Thorntree Dr., Longview, TX 75601, or where found.

---

[1] This proposed group will hereinafter be referred to as the "Joyce Manual Laborers."

8. Defendant Joyce Crane, Inc. is a Texas corporation with its principal place of business in Texas. Joyce Crane, Inc. may be served through its registered agent for service of process in Texas, Joe Bob Joyce, at #3 Thorntree Dr., Longview, TX 75601, or where found.

9. Joe Bob Joyce is an individual residing in Texas. He may be served at #3 Thorntree Dr., Longview, TX 75601, or where found.

### III. JURISDICTION AND VENUE

10. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this civil action arises under the Constitution, laws, or treaties of the United States; specifically, the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 et. seq. Jurisdiction is further conferred on this Court by the provisions of 28 U.S.C. § 1337 relating to "any civil action or proceeding arising under any Act of Congress regulating commerce..."

11. This Court has personal jurisdiction over Defendants because they are Texas residents. This Court's assertion of jurisdiction over Defendants would not offend traditional notions of fair play and substantial justice.

12. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1) and (2). Specifically, much of the work performed by Plaintiffs and those in the proposed class was performed in the East Texas, and more specifically, in and around the Longview area. Many members of the proposed class live and continue to work in the Longview area. Moreover, Defendants reside in Longview.

### IV. COVERAGE

13. At all relevant times, Defendants have acted, directly or indirectly, as an employer or joint employer with respect to Plaintiffs and others similarly situated. Defendants are jointly

responsible for all decisions related to the wages to be paid to the Joyce Manual Laborers, the work to be performed by the Joyce Manual Laborers, the locations of work performed by the employees, the hours to be worked by the Joyce Manual Laborers, and the compensation policies with respect to the Joyce Manual Laborers.

14. At all relevant times, Defendants have each operated an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

15. At all relevant times, Defendants have each operated an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had an annual gross sales volume of sales made or business done of not less than $500,000.

16. At all relevant times, Plaintiffs, and others similarly situated, were employees for Defendants who were engaged in commerce or in the production of goods for commerce.

## V. FACTUAL BACKGROUND

17. Joyce Crane, Inc. and Joyce Steel Erection, Ltd. (who are collectively referred to in Defendants' own online solicitations as a singular entity, "Joyce Crane") provide heavy duty lifting and rigging services for construction projects. Joyce Crane, Inc. and Joyce Steel Erection, Ltd. are based in Longview and most of its workers work out of the Longview yard. However, Joyce Crane, Inc. and Joyce Steel Erection, Ltd. have several smaller field offices, including those in Bossier City, and West Monroe, Louisiana; Little Rock, Arkansas; and Texarkana, Texas.

18. Plaintiffs and the other Joyce Manual Laborers are paid hourly and are treated as non-exempt employees, as they are paid overtime for some of the hours they work above forty in a given week. However, they are only paid overtime for the work that Joyce Crane, Inc. and Joyce Steel Erection, Ltd. deem can be passed onto their customers. Because Joyce Crane, Inc. and Joyce Steel Erection, Ltd. cannot bill drive time, yard time, and other tasks performed by the Joyce Manual Laborers to their customers, the Joyce Manual Laborers are only paid "straight time" for these tasks, rather than time-and-a-half. Moreover, the Joyce Manual Laborers frequently do not take a lunch break, but Joyce Crane, Inc. and Joyce Steel Erection, Ltd. deduct 30 minutes for a lunch break, regardless of whether one is taken or not. The effect of these policies is that the Joyce Manual Laborers are not paid at a rate of one-and-a-half times their regular rate of pay for each hour worked above forty in a given week. In fact, the Joyce Manual Laborers are being deprived a significant amount of overtime pay because of these blatant violations of the federal overtime laws.

19. Joe Bob Joyce is the founder, owner and the primary decision-maker of Joyce Crane, Inc. and Joyce Steel Erection, Ltd. In this capacity, Joe Bob Joyce is responsible for day-to-day operations of Joyce Crane, Inc. and Joyce Steel Erection, Ltd.. Joe Bob Joyce is responsible (either directly or through Joyce Crane, Inc. and Joyce Steel Erection, Ltd. personnel that he controls and supervises) for the wages to be paid to Plaintiffs, the work to be performed by Plaintiffs, the locations of work performed by Plaintiffs, the hours to be worked by Plaintiffs, and the compensations policies with respect to Plaintiffs. Joe Bob Joyce also maintained the employment records of Joyce Crane, Inc. and Joyce Steel Erection, Ltd. and has the power to hire and fire at Joyce Crane, Inc. and Joyce Steel Erection, Ltd..

20. No exemption excuses Defendants from paying Plaintiffs and the other Joyce Manual Laborers overtime rates under the FLSA. The members of the proposed class were all paid on an *hourly* basis, and thus none of them could fall within any of the white collar exemptions, as the *salary* basis is an essential element of all of the white collar exemptions.

21. Defendants have failed to make a good faith effort to comply with the FLSA. Instead, Defendants knowingly, willfully or with reckless disregard carried out its illegal pattern or practice regarding overtime compensation. Plaintiffs and those similarly situated are entitled to liquidated damages for such conduct.

22. For purposes of this action, the "relevant period" is defined as such period commencing on the date that is three years prior to the filing of this action, and continuing thereafter.

23. Plaintiffs have retained the undersigned counsel to represent them and those similarly situated in this action. Pursuant to the FLSA, Plaintiffs and those similarly situated are entitled to recover all reasonable attorney's fees and costs incurred in this action.

## VI. COLLECTIVE ACTION ALLEGATIONS

24. Other employees of Defendants have been victimized by the pattern, practice and policy of Defendants. Plaintiffs are aware that the illegal practices and policies of Defendants have been imposed on other, similarly situated workers.

25. Plaintiffs bring their claim on behalf of all current and former Joyce Manual Laborers.

26. Defendants' compensation policies and procedures with respect to Plaintiffs and the Joyce Manual Laborers and wages paid to Plaintiffs and the Joyce Manual Laborers are substantially similar, if not identical.

27. Defendants' pattern of failing to pay overtime compensation as required by the FLSA results from Defendant's general application of compensation policies and procedures, and does not depend on individualized circumstances of Plaintiffs or the Joyce Manual Laborers.

28. Although the issue of damages may be individual in character, this does not detract from the common nucleus of facts with respect to Defendants' liability under the FLSA.

29. Plaintiffs file this case as an "opt-in" collective action as specifically allowed by 29 U.S.C. § 216(b). Plaintiffs bring these claims on their own behalf and on behalf of those similarly situated who have not been fully compensated for all work performed, time spent, and activities conducted for the benefit of Defendants.

30. Plaintiffs request that Defendants identify all prospective members of the proposed class of Joyce Manual Laborers in order that proper notice of their right to consent to participation in this collective action may be distributed, including their names, dates of employment, job titles, last know addresses, and telephone numbers.

31. Plaintiffs seek to represent those members of the above-described group who, after appropriate notice of their ability to opt into this action, have provided consent in writing to be represented by Plaintiffs' counsel as required by 29 U.S.C. § 216(b).

32. Those individuals who choose to opt in will be listed on subsequent pleadings and copies of the written consents will be incorporated by reference.

33. Plaintiffs will fairly and adequately represent and protect the interests of those similarly situated who opt into this action.

## VII. CAUSES OF ACTION

### COUNT ONE - VIOLATIONS OF THE FLSA (COLLECTIVE ACTION)

34. The foregoing allegations are incorporated herein by reference.

35. Plaintiffs and others similarly situated were non-exempt employees of Defendants.

36. Plaintiffs and others similarly situated are entitled to overtime pay for all hours in excess of forty worked during each seven-day workweek.

37. Defendants violated 29 U.S.C. § 201 et. seq. by failing to pay Plaintiffs or others similarly situated overtime compensation at a rate of one-and-a-half times the appropriate regular rate.

38. In further violation of the FLSA, Defendants failed to maintain accurate employee pay records, including the number of hours worked per workweek by Plaintiffs and other similarly situated employees.

39. Plaintiffs, individually and on behalf of others similarly situated, seek all unpaid overtime compensation and an additional equal amount as liquidated damages for a period of three years from the date of the filing of this complaint, as well as reasonable attorney's fees, costs and litigation expenses, including expert witness fees, as provided by 29 U.S.C. § 216(b), along with pre- and post-judgment interest at the highest rate allowed by law.

### COUNT TWO - RETALIATION (SHALON BOWEN ONLY)

40. The foregoing allegations are incorporated herein by reference.

41. Plaintiff Shalon Bowen participated in protected activity when he complained about the pay policies of Defendants during a meeting. Specifically, at a meeting approximately

eight weeks before he was terminated, Mr. Bowen stood up and raised several issues about how the Joyce Manual Laborers were being deprived of pay due to the illegal policies of Defendants.

42. Defendants retaliated against Mr. Bowen for engaging in this protected activity by discharging him. In fact, this was confirmed by Mr. Bowen's direct supervisor told him that he had been a "marked man" ever since he complained about Defendants' pay ppolicies a few weeks earlier.

43. By doing so, Defendants violated 29 U.S.C. § 215(a)(3) and are liable for all damages caused to Mr. Bowen as a result of the retaliatory act, an additional amount as liquidated damages, as well as emotional distress and mental anguish damages, reasonable attorney's fees, costs and litigation expenses, including expert witness fees, as provided by 29 U.S.C. § 261(b), along with pre- and post-judgment interest at the highest rate allowed by law.

## VIII. RELIEF SOUGHT

WHEREFORE, Plaintiffs, individually and on behalf of others similarly situated, respectfully requests that Defendants be required to answer and appear, and that on final hearing, Plaintiffs and other members of the collective action be awarded:

a. Unpaid overtime wages for all hours worked in excess of forty hours in a workweek at the rate of one and one-half times the employee's regular rate of pay;
b. Liquidated damages in an amount equal to the unpaid overtime compensation;
c. Attorney's fees, costs and expenses;
d. Pre- and post-judgment interest at the highest rates allowed by law; and
e. All other relief, at law or in equity, to which they, and others similarly situated, may be justly entitled.

And, that Plaintiff Shalon Bowen also recover, on behalf of himself only, the following damages for his retaliatory discharge:

f. Compensation for wages and fringe benefits lost in the past (back pay);

g. Compensation for wages and fringe benefits lost in the future (front pay);

h. Liquidated damages in an amount equal to the front and back pay;

i. Punitive damages;

j. Emotional distress and mental anguish damages;

k. Attorney's fees, costs and expenses;

l. Pre- and post-judgment interest at the highest rates allowed by law; and

m. All other relief, at law or in equity, to which he may be justly entitled.

Respectfully submitted,

/s/ Josh Borsellino
Josh Borsellino
State Bar No. 24045532
Borsellino, P.C.
1020 Macon St., Suite 15
Fort Worth, Texas 76102
Telephone: (817) 908-9861
Facsimile: (817) 394-2412
Email: josh@dfwcounsel.com

**ATTORNEY FOR PLAINTIFFS**